# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50316
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RITA BECERRA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:94-CR-79-1

Before CLEMENT, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rita Becerra, federal prisoner # 25886-077, who was convicted of conspiracy to distribute methamphetamine, moves for leave to proceed in forma pauperis (IFP) on appeal. She seeks to challenge the denial of her 18 U.S.C. § 3582(c)(2) motion in which she sought a sentence reduction pursuant to Sentencing Guidelines Amendments 782 and 788, which retroactively lowered certain offense levels under U.S.S.G. § 2D1.1(c).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50316

The quantity of methamphetamine that Becerra was held responsible for triggers the same base offense level under both the version of § 2D1.1(c) in effect when she was sentenced and the retroactive, amended version. Accordingly, Amendments 782 and 788 did not change her offense level or lower her guidelines range, and the district court did not abuse its discretion in denying her a sentence reduction under § 3582(c)(2).   *See* U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). She may not, as she attempts to do, use a § 3582(c)(2) motion to challenge the correctness of her original sentence. *See Dillon v. United States*, 560 U.S. 817, 831 (2010).

Because the appeal lacks arguable merit and is therefore frivolous, Becerra's motion for leave to proceed IFP on appeal is DENIED, and her appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.